IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CURTIS DWAYNE HOLBROOK,** ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00810 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **JEFF ELKINS, et al.,** ) | Chief United States District Judge |
|     Defendants. ) | |

### MEMORANDUM OPINION

Curtis Dwayne Holbrook, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court concludes that the complaint must be dismissed for failure to state a claim against the named defendants.

### Background

According to the complaint and its attachments, Holbrook was injured in a motor vehicle accident in October 2021. At the time of the accident, Holbrook and Robert Bentley were riding as passengers in a vehicle owned by Bentley and insured by Erie Insurance Group ("Erie"). Holbrook alleges that the driver fell asleep behind the wheel and struck a large hole in the road, causing Holbrook to injure his left arm and right wrist.

Following the accident, Holbrook spoke to attorney Jeff Elkins about filing a lawsuit against Erie. Holbrook alleges that he has written letters to Elkins inquiring about the status of the lawsuit and that Elkins has not responded. Holbrook further alleges that the hole in the road has not been repaired by the Virginia Department of Transportation ("VDOT").

Holbrook commenced this action by filing a form complaint for use by inmates seeking to assert claims under 42 U.S.C. § 1983. He names as defendants Elkins, Erie, VDOT, and Bentley. He seeks to have his medical bills and other expenses paid by the defendants.

## Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Discussion

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint in accordance with the applicable law, the

court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

To the extent that Holbrook seeks to hold VDOT liable under § 1983, the state agency is not a "person" subject to liability under the statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency is "not a 'person' within the meaning of the statute"). Thus, VDOT is not a proper defendant in a § 1983 action.

To the extent that Holbrook seeks to hold Elkins liable under § 1983, Holbrook does not allege facts from which the court could conclude that the attorney acted "under color of state law" in the course of representing, or declining to represent, him. West, 487 U.S. at 48. "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" Polk Cnty. v. Dodson, 454 U.S. 312, 319 n.9 (quoting In re Griffiths, 413 U.S. 717, 729 (1973)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983"). Accordingly, Holbrook's allegations against Elkins fail to state a claim under § 1983.

For similar reasons, the complaint fails to state a viable § 1983 claim against Bentley or Erie. Holbrook does not plausibly allege that these defendants are state actors or that they otherwise acted under color of state law to deprive him of a constitutional right. The Supreme Court has long held that "merely private conduct, no matter how discriminatory or wrongful,"

is not actionable under § 1983. <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted).

## Conclusion

For the foregoing reasons, the court concludes that Holbrook's civil rights complaint must be dismissed for failure to state a claim against the named defendants.*  An appropriate order will be entered.

Entered: January 8, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.01.08 12:38:01
-05'00'

Michael F. Urbanski
Chief United States District Judge

---

* The court expresses no opinion as to whether Holbrook may be able to plead a viable claim for relief under Virginia law against any of the defendants. To the extent that Holbrook intended to assert claims under state law, the court declines to exercise supplemental jurisdiction over those claims. <u>See</u> 28 U.S.C. § 1367(c)(3). Holbrook may pursue any claims under Virginia law in the appropriate state court.